IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 0:04-657-JFA |
|---|---|---|
| v. | ) | ORDER |
| EDWARD GORE | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the defendant's motions (ECF Nos. 484 and 488) are DENIED. While the defendant was afforded relief under Rule 35(b) and Amendment 706 to the Guidelines, the Amendment 750 and Rule 35(b) reductions result in the same guideline range for the defendant. Therefore, as Amendment 750 did not lower defendant's guideline range, it does not apply.[1]

IT IS SO ORDERED.

January 17, 2012  Joseph F. Anderson, Jr.
Columbia, South Carolina  United States District Judge

---

[1] The defendant's guideline range at sentencing, based on a total offense level of 33 [34 + 2 (gun) = 36 – 3 (A 706) = 33 – 3 (Rule 35) = 30] and a criminal history category of III is 121 to 151 months. The court sentenced the defendant to 121 months. His new guideline range of 30 with criminal history category III produces the same range of 121 to 151 months.