IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No. 0:04-657-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANTHONY CHALK | ) | |
| | ) | |

On April 17, 2007, the defendant filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. The court denied the motion on November 19, 2008, and no appeal of the court's decision was made by the defendant.

In an order filed March 2, 2012 (ECF No. 498), this court denied the defendant's Rule 60(b) motion for relief from judgment. The defendant had contended that this court failed to address an alleged Fourth Ground in the § 2255 motion when, in fact, there was no Fourth Ground put forth in the original motion. The court also denied defendant's motion for leave to amend his original § 2255 motion to add supplemental claims to his first and second grounds. This court denied the motion noting that the defendant would need to receive prior authorization from the Fourth Circuit Court of Appeals to file a successive motion.

On April 2, 2012, the defendant filed a motion for a certificate of appealability as to the claims of "(1) whether the motion is timely; (2) whether the judgment is void; (3) whether the district court abused its discretion in denying the defendant's motion leave to amend, § 2255 motion." First, the defendant contends that the judgment was void because the court failed to rule on Ground Four to his § 2255 motion. He also argues that the court should hold

1

an evidentiary hearing on the matter. The court reviewed the original § 2255 motion (ECF No. 340), and found no Ground Four set out in the motion. In fact, there is no reference to a Ground Four in the government's response and motion for summary judgment on the § 2255 motion. Accordingly, there was no failure on the part of the court as the defendant suggests.

The three grounds that were raised by the defendant in his original § 2255 motion were that counsel rendered ineffective assistance of counsel by (1) failing to properly communicate with the defendant as to the facts surrounding the March 13, 2002 conviction listed in the § 851 notice; (2) failing to properly object to the Presentence Report concerning the March 13, 2002 felony conviction; and (3) failing to call a co-defendant as a witness who could have testified that the March 13, 2002 conviction was a part of the conspiracy for which the defendant pleaded guilty. The court noted in the order that all three grounds of error raised essentially the same issue: the contention that defendant's state conviction for drug offenses in 2002 was related to his current federal conviction and had his attorney discussed this issue with him, the defendant would have objected to the use of the state conviction and to the waiver clause in his plea agreement and at sentencing. The court also noted that the defendant's sentence was not determined under the Sentencing Guidelines, but rather was imposed as a mandatory minimum sentence to statutory requirements of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 851.

In his motion to amend (ECF No. 495) his original § 2255, the defendant asserts that he has the right to amend his petition under Fed. R. Civ. P. 15(c). In his proposed amended

§ 2255 petition, he reasserts his Ground One that he was denied effective assistance of counsel contending that the § 851 enhancement is improper because the prior conviction is, in fact, a misdemeanor. His proposed Second Ground argues that he was denied due process by seeking the § 851 enhancement in bad faith. While these proposed "supplemental grounds" relate back to his original claims of ineffective assistance counsel, the defendant fails to show how they could not have been raised in the first petition.

Rule 15(c)

Petitioner's proposed amended 2255 motion is really an attempt to relitigate issues already determined in the prior § 2255 motion and to raise new issues. As such, it is an attack on his conviction or sentence rather than seeking to remedy a defect in the collateral review process or other non-merit aspect of the ruling.

In order to obtain authorization to file a second or successive § 2255 motion, a prisoner must assert claims based on either: (1) newly discovered evidence, not previously discoverable by due diligence, that would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review. 28 U.S.C.A. § 2255(h). Mr. Chalk's claims do not satisfy either of these criteria.

The court now considers whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that "[i]f an applicant files a notice of appeal, the district judge who rendered the judgment must either

3

issue a certificate of appealability or state why a certificate should not issue." Fed. R.App. P. 22(b)(1). "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).

The defendant has failed to meet the requirements for a certificate of appealability. The court properly dismissed the defendant's Rule 60(b) motion and motion to his prior § 2255 motion. The defendant has failed to make a "substantial showing" of the denial of a constitutional right and he has not shown that reasonable jurists would find that decision debatable. Therefore, a certificate of appealability is denied.

The Clerk is directed to send a copy of this order to the Clerk of Court for the Fourth Circuit Court of Appeals so that the defendant's notice of appeal (ECF No. 508) may proceed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

May 3, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge